**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 03-6994**

─────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

ISABEL GONZALEZ, a/k/a Chabello, a/k/a Isabel
Garcia,

                              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief
District Judge.  (CR-00-77; CA-02-726-5-BO)

─────────

Submitted:  May 10, 2004          Decided:  May 26, 2004

─────────

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

─────────

Isabel Gonzalez, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Isabel Gonzalez appealed from the denial of his 28 U.S.C. § 2255 (2000) motion. We previously granted a certificate of appealability on the following issues: whether Gonzalez received ineffective assistance when his attorney failed to (1) file a requested notice of appeal and/or (2) pursue objections to drug quantity, the leadership enhancement, or the obstruction of justice enhancements at the sentencing hearing.

The district court dismissed these claims (along with many others), finding that Gonzalez waived the right to file a § 2255 motion in his plea agreement. However, the plea agreement explicitly reserved the right to challenge "ineffective assistance or prosecutorial misconduct not known to [Gonzalez] at the time of [Gonzalez's] guilty plea." The claims above fall into this category, as they concern actions or inactions by counsel after Gonzalez's guilty plea. In addition, Gonzalez has stated colorable claims that cannot be decided summarily on the current record.

Thus, with the exception of the claim regarding the leadership enhancement which has been waived on appeal,[*] we vacate

---

[*]In his informal brief, Gonzalez contends that his attorney told him that he was not pleading guilty as a leader or organizer of the conspiracy, despite the fact that the indictment described him as occupying a leadership role. Because Gonzalez should have been aware of the contents of the indictment at the time of his guilty plea (and he does not claim otherwise), this issue was waived in his plea agreement. Moreover, the certificate of appealability was granted on Gonzalez's claim that his attorney withdrew her objection to the leadership enhancement attributed to

the district court's dismissal of the claims described above and remand so that the district court can consider the merits of the claims in the first instance. We affirm the district court's dismissal of Gonzalez's claim that his attorney improperly failed to object to the leadership enhancement at sentencing. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

him in his presentence report. This claim has now also been waived by Gonzalez's failure to address it in his informal brief. See 4th Cir. R. 34(b).