**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6941

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ISABEL GONZALEZ, a/k/a Chabello, a/k/a Isabel Garcia,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:00-cr-00077-BO-1)

Argued:  March 19, 2014                    Decided:  May 6, 2014

Before MOTZ, KING, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED**:  Jeffrey  Michael  Brandt,  ROBINSON  &  BRANDT,  PSC,
Covington,  Kentucky,  for  Appellant.   Seth  Morgan  Wood,  OFFICE  OF
THE  UNITED  STATES  ATTORNEY,  Raleigh,  North  Carolina,  for
Appellee.   **ON  BRIEF**:  Thomas  G.  Walker,  United  States  Attorney,
Jennifer  P.  May-Parker,  Assistant  United  States  Attorney,  OFFICE
OF  THE  UNITED  STATES  ATTORNEY,  Raleigh,  North  Carolina,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Isabel Gonzalez ("Appellant"), a federal prisoner, filed a 28 U.S.C. § 2255 motion contending, inter alia, that he received ineffective assistance of counsel, including claims that his trial counsel failed to file a direct appeal following his sentencing and failed to properly counsel him regarding an appeal. The district court denied relief, and we granted a certificate of appealability. Because the district court failed to consider Appellant's claim that he received ineffective assistance of counsel due to his trial counsel's alleged failure to counsel him regarding an appeal, we remand the case with instructions to the district court to address this allegation.

I.

A.

On January 11, 2001, Appellant pled guilty, pursuant to a written plea agreement, to conspiracy to import at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 952 and 963. Appellant's written plea agreement contained a standard appellate waiver, in which Appellant agreed

> [t]o waive knowingly and expressly the right to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing, and

2

> further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea.

J.A. 17-18, ¶ c.[1]    On October 2, 2001, the district court sentenced Appellant to 365 months imprisonment, the top of the applicable United States Sentencing Guideline range, and five years of supervised release.  Appellant did not directly appeal.

### B.

Appellant filed his initial motion for post conviction relief, pursuant to 28 U.S.C. § 2255, on October 3, 2002.  Since the filing of that motion, this case has had a protracted procedural history.  In his initial § 2255 motion, Appellant alleged ineffective assistance of counsel, namely that counsel failed to file a requested notice of appeal and erroneously advised him that he had no right to file an appeal.  Without holding a hearing, the district court granted the Government's motion to dismiss, finding that Appellant waived his right to file a § 2255 motion in his plea agreement and had offered no evidence negating the voluntary nature of his plea.  We granted Appellant a certificate of appealability and ultimately remanded

---

[1] Citations to the Joint Appendix ("J.A.") refer to the Joint Appendix filed by the parties in this appeal.

3

the case to the district court for consideration of Appellant's ineffective assistance of counsel claims.  See United States v. Gonzalez, 97 F. App'x 447 (4th Cir. 2004) (per curiam).

On remand, the district court held what it described as a "motions hearing" on December 17, 2004, at which it questioned Appellant and his trial counsel under oath about Appellant's claims of ineffective assistance of counsel.  The district court denied Appellant's request for appointed counsel to represent him at that hearing.  Following that hearing, the district court entered an order on January 14, 2005 ("January 14, 2005 Order"), denying Appellant's § 2255 motion.  On July 22, 2005, Appellant filed a notice seeking to appeal the district court's January 14, 2005 Order.  We dismissed Appellant's appeal for lack of jurisdiction because the notice of appeal was not timely filed.  See United States v. Gonzalez, 179 F. App'x 174 (4th Cir. 2006) (per curiam) (explaining that a notice of appeal must be filed within 60 days after the entry of the district court's final judgment, and here, Appellant's notice of appeal was filed more than six months after the entry of final judgment).

On October 20, 2006, Appellant filed a pro se motion for relief from the district court's January 14, 2005 Order, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which allows the court to grant relief for reasons of

4

"mistake, inadvertence, surprise, or excusable neglect," provided that the motion is made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(b)(1), (c)(1). Appellant sought leave to appeal the denial of his § 2255 motion on the grounds that he was improperly denied the assistance of counsel at the December 17, 2004 evidentiary hearing. He alleged that his failure to note a timely appeal was "excusable neglect" under Rule 60(b)(1) because he did not receive notice of the court's January 14, 2005 Order until June 10, 2005. The district court concluded that it was without jurisdiction to extend the time to appeal and denied the motion, and we denied a certificate of appealability and dismissed Appellant's appeal. See United States v. Gonzalez, 256 F. App'x 591 (4th Cir. 2007) (per curiam).

On March 18, 2010, Appellant filed another motion for relief from the district court's January 14, 2005 Order, this time pursuant to Rule 60(b)(6), which allows relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Appellant maintained that he was improperly denied appointed counsel for the hearing on December 17, 2004, in violation of Rule 8 of the Rules Governing § 2255 Proceedings for the United States District Courts. The district court denied the motion as untimely because it was filed more than five years after the court's order dismissing Appellant's § 2255 motion. Appellant

appealed, arguing that he diligently pursued his claim and filed within a reasonable time. Again, we denied a certificate of appealability and dismissed the appeal. See United States v. Gonzalez, 407 F. App'x 705 (4th Cir. 2011) (per curiam).

## C.

This matter comes before us again via the district court's ruling on Appellant's third motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On August 15, 2011, Appellant moved the district court to vacate the January 14, 2005 Order as void, this time pursuant to Rule 60(b)(4), which allows for relief from a final judgment, order, or proceeding based on a finding that the "judgment is void." Fed. R. Civ. P. 60(b)(4). Appellant argued that because he was deprived of appointed counsel at the December 17, 2004 hearing, he was deprived of due process, and thus, the district court's judgment was void. After concluding that the December 17, 2004 hearing should have, in fact, been characterized as an "evidentiary hearing" and Appellant should have been appointed counsel, the district court determined in an order issued September 28, 2011, that it would "again hold a hearing to determine the validity of [Appellant's] claims of ineffective assistance of counsel." J.A. 269. After appointing counsel and setting an evidentiary hearing -- essentially granting

6

Appellant's requested relief -- the district court then denied Appellant's Rule 60(b)(4) motion as "moot." J.A. 270.

Appellant's new counsel then filed a "Memorandum of Law in Support of Claim Relating to Failure to File Notice of Appeal." J.A. 271. In that memorandum, Appellant alleged, among other claims, that his trial counsel failed to file a requested notice of appeal and "failed to properly consult with him regarding an appeal when a rational defendant would want to appeal, and when he had reasonably demonstrated to counsel that he was interested in appealing." J.A. 272. The district court conducted an evidentiary hearing on April 10, 2012. During this hearing, both Appellant and his trial counsel again testified under oath.

Trial counsel testified that Appellant specifically instructed her that he wished to cooperate, and she understood that pursuing an appeal would be contrary to Appellant's stated desire to cooperate with authorities. Trial counsel did not specifically recall discussing an appeal with Appellant following his sentencing hearing, but noted that per her regular practice, she

> would have told him when I went back to see him on that day that if he wanted to appeal that he could, but if he wanted to cooperate, then I would advise him against appealing, as well as the fact that his plea agreement had an appeal waiver in it.

7

J.A. 319. Trial counsel further testified, however, that she would not have discussed in any detail the possible advantages and disadvantages to entering a notice of appeal.

Appellant testified that he never saw trial counsel after his sentencing hearing. He further testified that he had a fellow inmate draft a letter on his behalf which Appellant sent to trial counsel asking her to come see him. According to Appellant, it was his intention to talk to her about an appeal, but trial counsel never responded. Although Appellant did not submit a copy of the letter for the record, on cross examination, the Government's counsel read a portion of the transcript from the first evidentiary hearing on December 17, 2004, where Appellant's trial counsel had read the letter into evidence.[2] Appellant claimed he didn't "know what the man put in

---

[2] Government's counsel stated,

> That letter read, my name is Isabel Gonzalez Garcia. I got sentenced the other day. I would like to now [sic] how much my fine is and I would like you there when I get the brief please. Before they say my cooperation is no good. I need you there. When they come back, please see me so you can tell me everything just for about 15 minutes. I don't know if they are going to send me back to Texas. I don't know if they are going to give me drug program. A lot of things I don't understand. Please come and see me.

J.A. 337.

8

the letter," but the purpose was to have trial counsel come and see him. J.A. 337. Appellant also averred that he told his trial counsel that he wanted to appeal because she promised him that if he took a guilty plea he would be sentenced to only 14 years in prison. According to Appellant, trial counsel stated that he could not appeal because he had waived his right to do so, and that he could only raise ineffective assistance of counsel, which she would not pursue on his behalf.[3]

Following this evidentiary hearing, the district court again dismissed Appellant's § 2255 motion. In its May 15, 2012 dismissal order ("May 15, 2012 Order"), with regard to Appellant's claim of ineffective assistance of counsel for failure to file a direct appeal, the district court found,

> [Appellant] did not call [trial counsel] to request an appeal, nor did her [sic] write her a letter unequivocally stating that he wished to file an appeal.
>
> Accordingly, in light of [trial counsel's] testimony and [Appellant's] failure to present any evidence to the contrary, the Court finds that [Appellant] did not make an unequivocal request to counsel to notice a direct appeal. [Appellant's] claim for ineffective assistance as to this matter must therefore fail.

---

[3] It is unclear from the record before us exactly when this alleged conversation took place.

J.A. 343. The district court made no findings, however, as to whether Appellant's trial counsel was ineffective for allegedly failing to counsel Appellant regarding an appeal.

We granted a certificate of appealability on the following issues: (1) whether the district court had jurisdiction to reopen its 2005 denial of Appellant's § 2255 motion; and (2) whether Appellant's trial counsel was ineffective in allegedly failing to counsel him regarding an appeal.

Both Appellant and the Government agree the district court had jurisdiction to reopen its 2005 denial of Appellant's § 2255 motion pursuant to Rule 60(b) because Appellant's Rule 60(b)(4) motion challenged a defect in the collateral review process, and therefore, was not a successive § 2255 motion. The parties also agree that the district court did not address whether Appellant's trial counsel was ineffective in allegedly failing to counsel Appellant regarding an appeal in the May 15, 2012 Order. Appellant next argues that his trial counsel was ineffective because the record demonstrates that he showed an interest in appealing, but counsel failed to consult him regarding an appeal. The Government contends, however, that Appellant's trial counsel was not ineffective. According to the Government, the district court in its May 15, 2012 Order found that Appellant did not unequivocally express a desire to appeal

to trial counsel.  The Government further contends that finding, coupled with trial counsel's testimony that she did counsel Appellant regarding an appeal, is enough for us to conclude trial counsel was not ineffective.

## II.

The jurisdictional issue presented by this case -- whether Appellant's Rule 60(b)(4) motion should have been treated as a successive § 2255 motion -- is one that we review de novo.  See United States v. MacDonald, 641 F.3d 596, 609 (4th Cir. 2011).  However, "[d]istrict court decisions granting or denying Rule 60(b) relief are reviewed for abuse of discretion, although the exercise of discretion cannot be permitted to stand if we find it rests upon an error of law."  United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003) (internal quotation marks omitted).

In our consideration of the district court's dismissal of Appellant's § 2255 motion, we review the district court's legal conclusions de novo and its findings of fact for clear error.  United States v. Fisher, 711 F.3d 460, 464 (4th Cir. 2013).  "We review de novo mixed questions of law and fact addressed by the district court -- including the issue of whether a lawyer's performance was constitutionally adequate."  United States v. Roane, 378 F.3d 382, 395 (4th Cir. 2004) (emphasis supplied).

11

III.

A.

We first address whether the district court possessed jurisdiction to reopen its 2005 denial of Appellant's § 2255 motion. It is undisputed that this matter found its way before the district court again via Appellant's filing of a Rule 60(b)(4) motion. Although in its September 28, 2011 order the district court stated it was denying Appellant's Rule 60(b)(4) motion as moot, the district court, in fact, granted Appellant the relief he requested, by holding another evidentiary hearing with appointed counsel, thereby implicitly granting Appellant's motion. The district court provided no other basis for reopening its January 14, 2005 final judgment in Appellant's § 2255 proceeding. Therefore, to establish jurisdiction, we must consider whether a Rule 60(b) motion was the proper vehicle to reopen the matter.[4]

It is well settled law that a district court lacks jurisdiction over a successive § 2255 motion unless this court authorizes such a filing. See United States v. Winestock, 340

---

[4] We recognize that the Government has conceded jurisdiction. See Appellee's Br. 17, 20. However, because "subject-matter jurisdiction can never be forfeited or waived; it involves a court's power to hear a case," we pause to assure ourselves of jurisdiction in this case. United States v. Hartwell, 448 F.3d 707, 715 (4th Cir. 2006) (internal quotation marks omitted).

12

F.3d 200, 205-06 (4th Cir. 2003). "[D]istrict courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." Id. at 206 (internal quotation marks omitted, emphasis in original). However, not all Rule 60(b) motions should "be treated as successive applications; instead, the proper treatment of the motion depends on the nature of the claims presented." Id. at 206-07. Although there is "no infallible test" for determining when a Rule 60(b) motion should be treated as a successive application, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id. at 207.

Appellant's Rule 60(b)(4) motion challenged his lack of appointed counsel to represent him at the December 17, 2004 hearing, during which evidence was adduced in consideration of his § 2255 motion. Rule 8(c) of the Rules Governing § 2255 Proceedings for the United States District Courts states, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies [as indigent]

13

under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing § 2255 Proceedings (emphasis supplied). "[A]ll of our sister circuits that have considered the issue have held that Rule 8(c) requires the court to appoint counsel for indigent petitioners if it holds a § 2255 evidentiary hearing, and the failure to do so constitutes structural error requiring automatic vacatur or reversal." Bucci v. United States, 662 F.3d 18, 34 (1st Cir. 2011) (following the other circuits and concluding the indigent defendant was entitled to an evidentiary hearing with appointed counsel).[5] Moreover, the district court may not avoid appointing counsel simply by deeming the hearing to be something other than an "evidentiary" hearing. See, e.g., id. at 34-35 (quoting Shepherd v. United States, 253 F.3d 585, 587 (11th Cir. 2001) (per curiam) ("[W]e observe that the proceedings clearly resembled an evidentiary hearing, despite the district court's unwillingness to categorize it as such, because the court placed

---

[5] See also Graham v. Portuondo, 506 F.3d 105, 107 n.2 (2d Cir. 2007) (per curiam) (reversing the district court for failure to appoint counsel for an evidentiary hearing on a petition filed pursuant to 28 U.S.C. § 2254 and recognizing, "the appointment of counsel requirement of the Rules Governing § 2254 Cases is identical to that of the Rules Governing § 2255 Proceedings"); United States v. Bendolph, 409 F.3d 155, 160 (3d Cir. 2005) (en banc); Green v. United States, 262 F.3d 715, 717-18 (8th Cir. 2001); Shepherd v. United States, 253 F.3d 585, 588 (11th Cir. 2001) (per curiam); Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 334 (10th Cir. 1994) (ruling in the context of a § 2254 proceeding); United States v. Vasquez, 7 F.3d 81, 85 (5th Cir. 1993); Rauter v. United States, 871 F.2d 693, 695-97 (7th Cir. 1989).

14

Shepherd under oath and questioned him extensively concerning the basis of his claims. . . . Thus, . . . the district court, having determined that an evidentiary hearing was necessary, was obligated under Rule 8 of the Rules Governing § 2255 Motions to appoint counsel for Shepherd.").

Because Appellant's motion focused on a "defect in the collateral review process" -- failure to appoint counsel for an evidentiary hearing -- rather than the substantive allegations of his claims, it is properly characterized as a Rule 60 motion rather than as a successive application for collateral review. Winestock, 340 F.3d at 207.  Hence, we conclude the district court had jurisdiction to reopen the matter without authorization from this court.[6]

B.

We now turn to the merits of Appellant's appeal -- whether Appellant's trial counsel was ineffective in failing to file a direct appeal and in allegedly failing to counsel him regarding an appeal.

To establish ineffective assistance of counsel, Appellant must show that: (1) counsel's failures fell below an

---

[6] Whether the district court abused its discretion in granting Appellant's Rule 60(b)(4) motion is a nonjurisdictional issue which the Government waived by neglecting to allege any pertinent challenge in the district court -- on timeliness, law-of-the-case, or any other ground.

objective standard of reasonableness, and (2) counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). "[C]ourts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (internal quotation marks and citations omitted). The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. We have recognized that this is true "even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v. Poindexter, 492 F.3d 263, 265 (4th Cir. 2007).

In Flores-Ortega, "the Supreme Court applied Strickland to hold that counsel's duty to consult with the defendant generally requires counsel to discuss with the defendant whether to pursue an appeal." Frazer v. South Carolina, 430 F.3d 696, 704 (4th Cir. 2005). Specifically, in Flores-Ortega the Court stated,

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are

16

> nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was <u>interested in appealing</u>.

528 U.S. at 480 (emphasis supplied). In assessing whether an attorney had a constitutional duty to consult,

> the Court indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. In cases involving guilty pleas, the Court instructed lower courts to consider whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights.

<u>Poindexter</u>, 492 F.3d at 268 (internal quotation marks omitted). Although not the determinative factor, "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." <u>Flores-Ortega</u>, 528 U.S. at 480.

Of note, this duty to consult also extends to the defendant who may have waived his right to challenge his conviction and sentence in a written plea agreement. As we have previously recognized, "[i]n preparation for the appellate phase of the case, an attorney in an appeal waiver case still owes important duties to the defendant." <u>Poindexter</u>, 492 F.3d at 271.

17

> First and foremost, the attorney, as recognized in Flores-Ortega, has the duty to respect the appellate wishes of his client by filing a timely notice of appeal if he is unequivocally instructed to do so. Second, as further recognized in Flores-Ortega, even if his client does not express (or clearly express) a desire to appeal, the attorney may be required to file a timely notice of appeal after appropriate consultation with . . . his client.

Id. (internal quotation marks omitted). This, however, does not end the court's inquiry.

In addition to showing that counsel's performance in failing to consult was deficient, the movant must also establish prejudice resulting from such failure. Flores-Ortega, 528 U.S. at 484. "If counsel fails to consult, the defendant may demonstrate prejudice by showing that a rational defendant would want to appeal. The defendant may do this by demonstrating either a) there were non-frivolous issues for appeal, or b) he had adequately indicated his interest in appealing." Frazer, 430 F.3d at 707-08. However, "[i]n demonstrating prejudice, the defendant is under no obligation to demonstrate that his hypothetical appeal might have had merit." Poindexter, 492 F.3d at 269 (internal quotations omitted).

Thus, even when, as here, a defendant agrees to an appeal waiver, his counsel still owes him effective representation with respect to a potential appeal. Specifically, effective representation in this circumstance

18

includes: (1) filing a timely notice of appeal if requested to do so, and (2) consultation regarding an appeal whether or not instructed to file an appeal when there are nonfrivolous grounds for appeal or when the defendant demonstrates a mere interest in appealing. See Flores-Ortega, 528 U.S. at 480; Poindexter, 492 F.3d at 271. Here, the district court made findings as to the first duty, but failed to do so as to the second.

In the May 15, 2012 Order, the district court specifically found that Appellant "did not call [trial counsel] to request an appeal, nor did her [sic] write her a letter unequivocally stating that he wished to file an appeal." J.A. 343. Thus, the district court found that Appellant "did not make an unequivocal request to counsel to notice a direct appeal," and concluded that Appellant's "claim for ineffective assistance as to this matter must therefore fail." Id.

This leaves open the second inquiry as to whether his trial counsel failed to counsel Appellant regarding an appeal, and, if so, whether the failure amounted to a constitutionally deficient performance. The district court failed to address this issue inasmuch as it made no findings in this regard. As a result, we must return this matter to the district court to make findings based on the record before it, or if necessary, on the basis of a new evidentiary hearing regarding Appellant's

19

allegation that his trial counsel was ineffective in allegedly failing to counsel him regarding an appeal.

IV.

Pursuant to the foregoing, this matter is remanded to the district court.

<u>VACATED AND REMANDED</u>