**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6243

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELVIS PICHARDO HERNANDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:19-cr-00218-LO-3; 1:21-cv-00907-LO)

Submitted: September 22, 2022                    Decided: September 27, 2022

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Elvis Pichardo Hernandez, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elvis Pichardo Hernandez seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

In his motion, Hernandez alleged that his trial counsel rendered ineffective assistance of counsel by failing to file a direct appeal of his criminal judgment as instructed. To succeed on a claim of ineffective assistance of counsel, a movant must show that counsel's performance was constitutionally deficient and that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984). To satisfy the performance prong, the movant must demonstrate "that counsel's representation fell below an objective standard of reasonableness" as evaluated "under prevailing professional norms." *Id.* at 688. To satisfy the prejudice prong, the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[E]ffective representation . . . includes . . . filing a timely notice of appeal if requested to do so." *United States v. Gonzalez*, 570 F. App'x 330, 337 (4th Cir. 2014) (No. 12-6941) (argued but unpublished) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)). As relevant here, "a criminal defense attorney's

2

failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).

Upon reviewing the record, we conclude that reasonable jurists could debate whether trial counsel provided ineffective assistance by failing to file a direct appeal. However, the record contains little evidence of what discussions took place between Hernandez and his trial counsel, as the district court "made no findings in this regard."[*] *Gonzalez*, 520 F. App'x at 337. Accordingly, we grant a certificate of appealability, vacate the district court's order, and remand for further proceedings.

*VACATED AND REMANDED*

---

[*] We express no opinion on the ultimate merits of Hernandez's claim.

3